**WO**                                                                                               MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tarmaine Antwan Colbert, ) | No. CV 07-147-PHX-SMM (DKD) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Ricardo E. Chavez, et al., ) | |
| Respondents. ) | |

**I.      Procedural History**

On January 22, 2007, Petitioner Tarmaine Antwan Colbert, who is confined in the United States Penitentiary in Tucson, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). In a February 21, 2007 Order (Doc. #3), the Court noted that Petitioner had not paid the $5.00 filing fee or filed an Application to Proceed *In Forma Pauperis* and gave Petitioner 30 days to either submit an Application to Proceed or pay the filing fee.

On March 9, 2007, Petitioner filed an Application to Proceed *In Forma Pauperis* (Doc. #4).  In a March 21, 2007 Order (Doc. #5), the Court granted the Application to Proceed, but dismissed the Petition for Writ of Habeas Corpus because Petitioner had not named his present custodian and the Arizona Attorney General as respondents to the Petition.

**TERMPSREF**

1  The Court gave Petitioner 30 days to submit an amended petition that cured this jurisdictional
2  defect.

3  On April 19, 2007, Petitioner filed a Motion for an Extension of Time to File an
4  Amended Petition (Doc. #9). In an April 27, 2007 Order (Doc. #10), the Court granted the
5  motion for an extension of time and gave Petitioner 30 days to file his amended petition.

6  On May 21, 2007, Petitioner filed his Amended Petition (Doc. #11). The Court will
7  require an answer to the Amended Petition.

## II.     Amended Petition

9  Petitioner was convicted in Maricopa County Superior Court, case #CR-1999-004751,
10 of first-degree murder and was sentenced to imprisonment for his natural life, without parole.
11 In his Petition, Petitioner names Ricardo E. Chavez as Respondent and the Arizona Attorney
12 General as an Additional Respondent. Petitioner raises three grounds for relief.

13 In Ground One, Petitioner alleges that he received ineffective assistance of trial
14 counsel because his attorney failed to file a direct appeal after Petitioner was sentenced to
15 a substantially longer term of imprisonment than that stated in his plea agreement. In Ground
16 Two, Petitioner asserts a violation of his plea agreement because he was supposed to receive
17 a 25-year prison sentence, to run concurrent to his 240-month federal sentence, but he was
18 sentenced to life without parole. In Ground Three, he alleges that he received an
19 unconstitutional sentence because he was sentenced to life in prison, without parole, without
20 proof of the elements of the crime.

21 It is unclear whether Petitioner has exhausted his claims. Even assuming that the
22 exhaustion requirement has not been met, it appears that any unexhausted claim may be
23 procedurally barred. In light of the possibility of procedural bar, a summary dismissal would
24 be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
25 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
26 barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

27 . . . .
28 . . . .

### III. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

#### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Amended Petition (Doc. #11) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Amended Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to

1  affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of
2  the Rules Governing Section 2254 Cases.
3      (4)   Petitioner may file a reply within 30 days from the date of service of the
4  answer.
5      (5)   This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
6  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
7  recommendation.
8      DATED this 29th day of May, 2007.

Stephen M. McNamee
United States District Judge