IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tarmaine A. Colbert,<br><br>  Petitioner,<br><br>vs.<br><br>Ricardo Chavez, Warden; Terry Goddard, Arizona Attorney General,<br><br>  Respondents. | No. CIV 07-147-PHX-SMM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT JUDGE:

  Tarmaine A. Colbert filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 22, 2007, and an amended petition on May 21, 2007, challenging his conviction in Maricopa County Superior Court for first degree murder and the imposition of life imprisonment, to be served upon completion of his current 20-year federal sentence. He raises three grounds for habeas relief: (1) he received ineffective assistance of trial counsel because his attorney failed to file a direct appeal after Colbert was sentenced to a substantially longer term than stated in his plea agreement; (2) the trial court violated the plea agreement when he sentenced Colbert to natural life, when he was supposed to receive a 25-year prison sentence; and (3) his sentence was unconstitutional because he was sentenced to life in prison without parole, without proof of the elements of the crime. Respondents contend that Colbert's petition is untimely, and that he is not entitled to equitable tolling. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

1    On March 7, 2001, Colbert pleaded guilty; on May 4, 2001, the trial court accepted
2 his plea and sentenced him to life imprisonment (Doc. #19, Exh B-F).  Three years later, on
3 April 5, 2004, Colbert filed a a motion to vacate the plea agreement, which the trial court
4 construed as a notice of post-conviction relief (*Id*., Exh G, K).  On November 23, 2004,
5 Colbert filed a counseled petition, contending that trial counsel had failed to file a post-
6 conviction petition, as requested by Colbert, and requested that his petition be construed as
7 a delayed "of-right" proceeding pursuant to Rule 32.1(f) of the Arizona Rules of Criminal
8 Procedure (*Id*., Exh H, I).  On February 11, 2005, the trial court dismissed the petition as
9 untimely, stating that Colbert had not explained "why it took him three years to determine
10 that no further action had been taken on his case" (*Id*., Exh K).  The court of appeals denied
11 review on November 8, 2005; the supreme court denied review on August 8, 2006 (*Id*., Exh
12 N, P).

13    Colbert was required to file his federal petition within one year of the date the
14 judgment of conviction became final in state court "by the conclusion of direct review or the
15 expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Because
16 Colbert pleaded guilty, and was entitled to file an "of-right" post-conviction relief proceeding
17 under Rule 32.1 of the Arizona Rules of Criminal Procedure, the one-year period of
18 limitations did not begin to run until the conclusion of the Rule 32 proceeding and review of
19 that proceeding, or until the expiration of the time for seeking such proceeding or review.
20 *See Summers v. Schriro*, 481 F. 3d 710, 711 (9th Cir. 2007).  In this case, his conviction
21 became final on August 1, 2001, when his chance to initiate his "of-right" post-conviction
22 proceedings expired.  *Id*.  Absent any statutory tolling, his petition was due on August 1,
23 2002.  Because he had no "properly filed application for state post-conviction or other
24 collateral review" pending which would have tolled this one-year limitations period, 28
25 U.S.C.§ 2244(d)(2), there was no statutory tolling.  His April, 2004 post-conviction petition
26 could not restart the limitations period, once it had lapsed.  *See Ferguson v. Palmateer*, 321
27 F.3d 820, 823 (9th Cir. 2003).  In addition, he has not shown that external forces, rather than
28 his lack of due diligence, accounted for his failure to file a timely petition.  *See Miles v.*

*Prunty*, 187 F.3d 1104,1107 (9th Cir. 1999). There is no evidence that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *See Pace v. DiGiuglielmo*, 544 U.S. 408, 418. (2005). Even if counsel's failure to file a notice of post-conviction relief could constitute an extraordinary circumstance, Colbert gives no explanation for waiting three years to check on the status of his case and file his pro per petition, having been notified by the trial court of the 90-day deadline.

**IT IS RECOMMENDED** that Tremaine Antwan Colbert's amended petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #11).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of October, 2007.

David K. Duncan
United States Magistrate Judge